USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/19/13__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DWIGHT A. WILLIAMS,                                :

                        Plaintiff,            :

        -against-                             :

OFFICER HUGHES, et al.,                            :

                     Defendant.           :
------------------------------------------------------------X

13 Civ. 00102 (JPO) (DF)

**REPORT AND
RECOMMENDATION**

**TO THE HONORABLE J. PAUL OETKEN, U.S.D.J.:**

This *pro se* Section 1983 case has been referred to me for general pretrial supervision, but, based on the failure of plaintiff Dwight A. Williams ("Plaintiff") to appear in Court for scheduled conferences or otherwise to prosecute this case, I recommend that the action be dismissed, *sua sponte* and without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff initiated this action in December, 2012, and, in response to an Order To Amend (Dkt. 5), he filed an Amended Complaint in March, 2013 (Dkt. 6).  Defendants (the City of New York and two New York City correction officers) then agreed to waive service of process, under a standing arrangement with the Court. (*See* Dkts. 11, 12.)  Once Defendants appeared in the action, this Court scheduled an initial pretrial conference for July 24, 2013, and directed the parties to submit, in advance of that conference, a joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. (Dkt. 15.)  By letter dated July 17, 2013, however, defendants' counsel informed the Court that, although counsel had reached out to Plaintiff to confer about the Rule 26(f) report, Plaintiff had not responded to counsel's correspondence.

Plaintiff did not appear at the scheduled July 24 conference, leading the Court to reschedule the conference for August 14, 2013. (Dkt. 16.) In an Order dated July 29, 2013, rescheduling the conference, the Court instructed Plaintiff as follows:

> If Plaintiff is unable to attend the August 14 conference, then he is directed to write to the Court and to Defendants' counsel, in advance of that conference date, to explain why he cannot appear. Plaintiff is also advised that he must keep the Court apprised of any change in his address and other contact information. Any written submission by Plaintiff to the Court should be sent to the Court's *Pro Se* Office.

(*Id.* ¶ 2.) In addition, the Court explicitly warned Plaintiff of the potential consequence of again failing to appear in Court as directed:

> Plaintiff is cautioned that he is required to appear at conferences scheduled by the Court, and that if he fails to do so, the Court may dismiss this action for failure to prosecute.

(*Id.* ¶ 3.)

Despite this written warning by the Court, Plaintiff, once again, did not appear at the August 14 conference. At that time, Defendants' counsel represented to the Court that they had heard nothing from Plaintiff, and this Court similarly notes that it had – and still has – received no communication from him. Further, the Court notes that the mail that it sent to Plaintiff (including both the initial scheduling notice and the July 29 rescheduling Order) was not returned by the Postal Service as undeliverable, so it appears that this mail was delivered to the address that Plaintiff originally provided to the Court. Certainly, the Court has not been advised by Plaintiff of any change in his address.[1]

---

[1] As this case involves events that allegedly occurred while Plaintiff was being detained at Rikers Island, the Court took the step of checking the online inmate look-up services for both New York City and New York State, in an attempt to determine if Plaintiff had been unable to appear in Court because he was being held in custody. Based on the limited information

## DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). If a plaintiff fails to do so, the Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. *See* Fed. R. Civ. P. 41(b). In fact, "[a] plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted). In particular, where a plaintiff inexplicably fails to appear or participate in a status conference ordered by the Court, dismissal of the action for failure to prosecute may be appropriate. *See, e.g., Belliard v. Royal Bank of Scot. P.L.C.*, 213 F.R.D. 144, 145 (S.D.N.Y. 2003) (dismissing action where, *inter alia*, plaintiff "inexcusably did not appear at status conferences with the Court"). The Court is not required to provide notice of the dismissal. *See West*, 130 F.R.D. at 524. As courts in this Circuit have held, "such dismissal is largely a matter of the judge's discretion." *Id.* Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action with prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In deciding whether to dismiss an action for failure to prosecute, the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately

---

available to the Court online, it does not appear that Plaintiff is currently in either City or State custody.

3

considered the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

In this case, Plaintiff has had absolutely no contact with the Court for over five months. Also, in rescheduling the initial case management conference after Plaintiff failed to appear, the Court notified Plaintiff, in writing, of the potential consequences of his non-appearance. Despite this, Plaintiff again did not attend the rescheduled conference, and his non-appearance is causing prejudice to Defendants, who are unable to defend this action. The Court has also been unable to manage this case, given its inability to secure Plaintiff's attendance. Finally, given that Plaintiff will not even appear before the Court when directed to do so, it is unlikely that a lesser sanction than dismissal would be effective. Under the circumstances, dismissal of the action is warranted under Rule 41(b).

Nonetheless, given Plaintiff's *pro se* status and the fact that he *did* respond to the Court's earlier Order directing him to file an Amended Complaint, I recommend that his claims be dismissed without prejudice. It may be that Plaintiff has been incapacitated or, for some other reason, has been unable to proceed with this case at this time. If, in fact, Plaintiff has a legitimate explanation for his failures to appear, then it may serve the interests of justice to permit him to reassert his claims at a later date, assuming they remain timely. *See Reynel*, 2002 U.S. Dist. LEXIS 16498, at *3 ("Given the plaintiff's *pro se* status, the Court deems it proper in this case that dismissal be without prejudice.").

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's claims be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and that the case be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing 3 additional days for service by mail). Such objections, and any responses to objections, shall be filed with the Honorable J. Paul Oetken, United States Courthouse, 500 Pearl Street, Room 2101, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Oetken. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
        August 19, 2013

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

5

Copies To:

Hon. J. Paul Oetken, U.S.D.J.

Mr. Dwight A. Williams
86 Mother Gaston Blvd., Apt. 1F
Brooklyn, NY 11233

Defense counsel (via ECF)